Alison Young v. Appellant Susan Maxwell All right. Do you want to save some time for rebuttal? Sure. Thank you. OK. It pleases the court, counsel, Lars Nelson, on behalf of the Commissioner of Social Security. This court should affirm the decision of the ALJ in this matter because it is supported by substantial evidence. And that finding would be consistent with the Supreme Court's recent decision in Bestic v. Berryhill. And here there was unchallenged vocational testimony that the claimant can perform two jobs that exist in significant numbers in the national economy in light of her transferable skills. At page 73 of the supplemental excerpt of records, the vocational expert, the ALJ asked the vocational expert, were there jobs that she could specifically do with the specific transferable skills? And at 74, the vocational expert said that the skill of merchandising sales was directly transferable. Let me ask you this. His argument is all about when she turns 55. Is your argument saying that? I mean, I don't quite fit your argument into what counsel just argued. Well, there's two issues, Your Honor. There's just the general finding of are there a significant number of jobs in the national economy that the claimant can do in light of her transferable skills. That's regardless of whether she's over 55 or not. That's correct. Under the regulations, 20 CFR 404-1568D, there is no special analysis articulated for the claimants in light of her light limitations and her age. Had she been restricted to sedentary work, there would be a slightly different analysis, but there isn't here. The question that counsel raises goes to the court's decision in Lounsbury. And Lounsbury was very narrowly tailored to just dealing with the question of was one occupation, as identified by a vocational expert in response to interrogatories, a significant number under grid rule 20200C. A significant range. Yes, and Lounsbury held that it was not. But Lounsbury did not address how this court should perform the analysis of a significant range. And to that I would point to the court's first Gutierrez decision, where the court declined to extend any bright-line rules to a significant number of jobs. And I would also point this court to the Supreme Court's decision in BSTEC, where the court rejected a request for a categorical rule as applied to vocational testimony in that case. Here this court does not need to create a bright-line rule. As the second court's decision in Gutierrez, a separate decision in the more recent of the two, this court explained that the dictionary of occupational titles, each title represents numerous occupations. That issue was not considered in Lounsbury. And here the positions of burial needs and commercial equipment salesperson anticipate people who are performing different occupations. Some might just be selling coffins. Some might just be selling chairs and desks for office, whereas somebody else is doing a different thing. The number of occupations anticipated is different from just the number of job numbers. And the commissioner would say that this court has to look at the totality of the claimant's past relevant work, the specific occupations identified, whether the dictionary of occupational titles is instructive on that point, and then also the job numbers in arriving at that point. Well, couldn't the same thing have been argued in Lounsbury, that even though there was only one range, there were a number of different specific jobs that could be included within that range? Why isn't that argument non-persuasive? Because it was the same circumstance in Lounsbury. Well, Lounsbury does not tell us whether the court was considering the dictionary of occupational titles. And I think Lounsbury did an excellent job of not taking this court's case law and binding future courts too far. In Lounsbury, there was only one occupation, and they were able to deal with the very simple issue of one occupation is not a range. All right. Why can't, though, now we've got, though, the vocational expert says there are just two occupations and no more, so why now maybe we have to up the notch from one to two and say that's not a significant range? I mean, that's what counsel, the Petitioner is arguing. Yes, Your Honor. I mean, that would be within the realm of possible holdings. The Commissioner would argue that this Court's precedent has rejected bright-line rules, and that's consistent with the Supreme Court's decision. Well, no, no way. You're overstating a little bit. We don't have to make a bright-line rule when it takes three or four or five or six. In a case where there are two, I guess we have to draw some line. Either say we're not going to draw any line or say two is a minimum. Why do you say we can't do that? Well, I think that this Court would, that reduces the analysis of a significant range strictly to a matter of arithmetic. Well, but a significant range, the words have to be given some meaning, don't they? What is a significant range? It has to mean more than one, doesn't it? Well, with a significant number of jobs, this Court has declined to create a bright-line rule. And then the Commissioner's position would be that the significant range is case-specific, and to the Court's question about Lounsbury, that argument could have been made in Lounsbury that the job identified there encompasses multiple occupations, but that's just simply not in the decision for this Court to be guided by in that case. And the Commissioner would also go to this Court's decision in Barnes where the ultimate finding here of the ALJ was that there were two jobs that existed in significant numbers in the national economy. That's in light of the claimant's entire residual functional capacity assessment. However, we're talking about a grid rule, which only considers her exertional range. So residual functional capacity increases the universe of jobs. In Barnes, this Court held that we cannot use the grids to constrain the subsequent analysis. In Barnes, the grid rule is directed of finding them not disabled based on the claimant having unskilled work available. The ALJ there, however, relied on semi-skilled jobs. And this Court said we don't take the grids to inform that subsequent step. So if there was a question how many jobs she could perform for application of those grid rules, that we are not looking at the whole residual functional capacity. We're just looking at her exertional range. And if there was truly a question about that in this case, then it could be remanded to the Commissioner for further development of the record on that point. Because, again, there was no questioning or argument about this at the ‑‑ before the agency or to the Appeals Council. Counsel, what's your response to opposing counsel's argument regarding the lack of specificity in the transferable skills determination? My position was that this Court decided that issue in Ossenbrock, where the claimant defines the duties and tasks performed in the past relevant work, and we can look to the vocational expert to translate those into an articulable transferable skill. And what did the vocational expert say here on that very point? Well, the vocational expert spoke in great detail. Merchandising sales. Merchandising sales. And to that, we need to only look to page 310 in the supplemental excerpt of record, where the claimant described her automotive sales skills as handling customer service in a stressful sales environment, engaging in sales negotiation, product demonstration, finalizing sales and delivery, lead follow-up via e-mails and calls, and checking inventory. And now she's 55. Yes, and I think ‑‑ So what does it mean when it says readily transferable? Well, in this case ‑‑ I mean, you know, as you get older, things get a little bit harder, right? In this case, we don't need to wrestle with that question because ‑‑ Why not? Because ALJ asked on 73, are there skills that are specifically transferable? And then the vocational expert on the bottom of 74 said, the skill of merchandising sales is directly transferable. So there's no ‑‑ on this record, there's no question that the skills are readily transferable, even though the ALJ or the vocational expert did not use those magic words. Is there a difference between directly and readily? I would say directly is more narrowly tailored than readily. And unless the court has any other questions, I would ask this court to affirm. And I would remind the court that the claimant was working, using her sales skills for Angie's list throughout the relevant period. So this is not an abstraction. In this case, we know she can continue to use her transferable skills. Okay. First of all, Your Honors, to address counsel's last point, there are unskilled sales jobs in the world, and because of that we know that sales in and of itself is not a skill by definition. Anything you can do as part of an unskilled job is not a skill because skills are only acquired from skilled or semi‑skilled work. And that really goes to the heart of the problem here. Merchandising sales, what does that mean? There was argument in the pleadings over whether we could look to the dictionary definition. But if we can't look to the dictionary definition, what else do we have? The ALJ doesn't tell us what merchandising sales means. The vocational expert didn't tell us what merchandising sales means. Counsel would have us look to the claimant's particular itemization of what she did but that doesn't tell us which of those rises to the level of a skill. And it's the ALJ's burden to identify those skills with specificity that the claimant or this reviewing court can determine that they have clearly met the burden. Also, as to the number of jobs, again, with Lounsbury, the number of jobs was not the issue. It was the number of occupations. And here again, there are two occupations. The number of jobs is not relevant. If it has any relevance, I would note that one of those two jobs has only 3,500 positions in the national economy. So the result is going to turn on our interpretation of Lounsbury and whether it bumps up from one occupation to two as a minimum? For that issue, yes. Okay. Thank you, Your Honor. Thank you, Counsel. The matter is submitted.
judges: Gilman, Paez, Rawlinson